UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BANKERS HEALTHCARE GROUP, LLC,

                                   Plaintiff,                    5:23-cv-00611 (BKS/TWD)

v.

TCEX, LLC & CHARLES ARTHUR BURKE, JR,

                                   Defendants.
_____

**Appearances:**

*For Plaintiff:*
Jordan R. Pavlus
Byrne, Costello & Pickard, P.C.
Tower I, Suite 1600
100 Madison Street
Syracuse, NY 13202

*For Defendants:*
Russell W. Dombrow
Dombrow Law Firm
499 South Warren Street, Suite 405
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## ORDER TO SHOW CAUSE

      Defendants TCEX, LLC ("TCEX") and Charles Arthur Burke, Jr. ("Burke") removed this action from New York State Supreme Court, Onondaga County, asserting that this Court has subject-matter jurisdiction over Plaintiff's state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a case to fit within

[§ 1332], there must be complete diversity" between plaintiffs and defendants (internal quotation marks and citation omitted)).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). A party seeking to remove a case to federal court based on diversity of citizenship has the burden of proving that diversity exists. *See CenterMark*, 30 F.3d at 301 ("Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (stating that "the party invoking diversity jurisdiction must demonstrate that complete diversity among the parties existed at the time removal was sought to federal court").

The notice of removal asserts that the jurisdictional amount is met here and that "complete diversity of citizenship exists." (Dkt. No. 1, ¶¶ 6, 7). According to the notice of removal, Plaintiff Bankers Healthcare Group, LLC ("BHG") is "a Florida limited liability company with principal places of business alleged to be in Florida and New York." (*Id.* ¶ 5). Defendant TCEX "is a North Carolina limited liability company headquartered in North Carolina." (*Id.*). Defendant Burke "is an individual who resides in North Carolina." (*Id.*).

"[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N. Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (finding that "complete diversity of parties is lacking because some of the members of [the plaintiff limited liability company] are citizens of Kentucky and [the defendant] is also a citizen of Kentucky"). As the notice of removal does not set forth any allegations as to BHG or TCEX's memberships, the allegations are insufficient to show that there is complete diversity of citizenship among the parties.[1] *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that "diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff limited liability company did "not set forth any allegations with respect to its structure or membership").

Additionally, Plaintiff submits an affidavit of Jordan R. Plavus which attaches a sheet of "entity information" for TCEX. (Dkt. Nos. 14-4, ¶ 5, 14-7). This entity information sheet lists TCEX's status as "Admin. Dissolved." (Dkt. No. 14-7). Defendants in their notice of removal do not address whether and when TCEX was dissolved, and if so, what effect the dissolution has on TCEX's citizenship for purposes of the diversity statute. *See, e.g.*, *Tri-Cty. Metro. Transp. Dist. of Oregon v. Butler Block, LLC*, No. 08-cv-259, 2008 WL 2037306, at *1–3, 2008 U.S. Dist. LEXIS 38639, at *3–7 (D. Or. May 7, 2008) (looking to the law of the state of incorporation and LLC's operating agreement in evaluating dissolution of LLC and membership for purposes of

---

[1] While the notice of removal does not set forth allegations regarding the citizenship of any members of TCEX, Burke has submitted an affidavit describing the creation of TCEX. (Dkt. No. 10, ¶ 4–5). However, Defendants have not clearly stated that Burke is the sole member of TCEX, which, as described, is necessary information to properly determine whether diversity jurisdiction is present.

determining whether diversity jurisdiction existed when the complaint was filed); *see also Dumann Realty, LLC v. Faust*, No. 09-cv-7651, 2013 WL 30672, at *2, 2013 U.S. Dist. LEXIS 1127, at *7 (S.D.N.Y. Jan. 3, 2013) ("The question of whose citizenship constitutes part of the LLC's citizenship is ultimately governed by the law of the state of incorporation.").

Accordingly, it is

**ORDERED** that Defendants TCEX and Burke ("the removing Defendants") shall file a memorandum, not to exceed fifteen pages by January 2, 2024, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that if the removing Defendants maintain that there is complete diversity between the parties, they shall submit supporting evidence, including affidavits identifying the citizenship of each member of TCEX and BHG; and it is further

**ORDERED** that the Plaintiff may respond to the removing Defendants' submission, with a memorandum not to exceed fifteen pages, on or before January 16, 2024.

**IT IS SO ORDERED.**

Dated: December 12, 2023
Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge